IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                 CR No. 15-3689 KG

RAMIRO TREVIZO-GRANILLO,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Ramiro Trevizo-Granillo's Motion to Reduce Sentence (Motion) (Doc. 75) and the United States' Response to Defendant's Motion to Reduce Sentence (Response) (Doc. 77). The Motion is now ripe for disposition. After careful review of Mr. Trevizo-Granillo's Motion, the Response, and the relevant law, the Court denies the Motion without prejudice.

    *I. Background*

On May 18, 2016, Mr. Trevizo-Granillo pled guilty to one count of conspiracy to possess with intent to distribute 50 grams or more of methamphetamine and one count of witness tampering, in violation of 21 U.S.C. § 846 and 18 U.S.C. § 1512. *See* (Doc. 15) at 1; (Doc. 56) at 1. On October 3, 2016, the Court sentenced Mr. Trevizo-Granillo to 156 months imprisonment followed by three years of supervised release. (Doc. 61) at 3-4. Mr. Trevizo-Granillo is currently serving his sentence at FCI Big Spring and is expected to be released from custody in July 2026. (Doc. 75) at 3-4.

On May 3, 2021, Mr. Trevizo-Granillo filed the instant Motion, requesting compassionate release due to the COVID-19 pandemic. (Doc. 75). In pertinent part, Mr. Trevizo-Granillo explains that he suffers from obesity, an unspecified kidney disorder, and lower-back pain. *Id.* at 2-3. Moreover, Mr. Trevizo-Granillo argues that 18 U.S.C. § 3553(a) supports a sentence reduction to time-served. *Id.* at 10-11. The United States opposes Mr. Trevizo-Granillo's request for relief. (Doc. 77).

*II. Discussion*

The Tenth Circuit recently endorsed a "three-step test for 'courts considering motions filed under [18 U.S.C.] § 3582(c)(1).'" *See United States v. Maumau*, 993 F.3d 821, 831 (10th Cir. 2021) (quoting *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020)); *see also United States v. McGee*, 992 F.3d 1035, 1043 (10th Cir. 2021) (explaining that "because this three-step test is consistent with the plain language of the statute, we adopt the test for use in this circuit"). Under this test, a district court may grant a motion to reduce sentence if: (1) "extraordinary and compelling reasons warrant such a reduction;" (2) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission;" and (3) it "considers the factors set forth in [18 U.S.C.] § 3553(a), to the extent that they are applicable." *Maumau*, 993 F.3d at 831. The Court reviews the test in turn, but first begins with the threshold issue of whether Mr. Trevizo-Granillo exhausted his administrative rights. *See* 18 U.S.C. § 3582(c)(1)(A) (explaining that court may only award compassionate release after petitioner has "fully exhausted all administrative rights").

    A. *Administrative Exhaustion*

To effectively exhaust under Section 3582, a petitioner must make an initial request for compassionate release under 28 C.F.R. § 571.61 and appeal a denial pursuant to Section 571.63.

2

*See* 18 U.S.C. § 3582(c)(1)(A); *see also* 28 C.F.R. § 571.60-571.64 (Procedures for Implementation of 18 U.S.C. § 3582(c)(1)(A)). Specifically, after an initial denial by the warden, a petitioner "may appeal … through the Administrative Remedy Procedure," set forth in 28 C.F.R. § 542(B). 28 C.F.R. § 571.63(a). Only after the petitioner's request is denied by the General Counsel or the Director of the BOP does the denial "constitute[] a final administrative decision." 28 C.F.R. § 571.63(b)-(c); *see also* 28 C.F.R. § 542.15(a) (explaining appeal first heard by Regional Director and then General Counsel). Alternatively, if thirty days lapse from receipt of the request by the warden with no response, a district court is empowered to consider the Section 3582(c)(1)(A) motion. 18 U.S.C. § 3582(c)(1)(A).

Here, Mr. Trevizo-Granillo requested compassionate release from the Warden at FCI Big Spring on December 22, 2020. (Doc. 75) at 4. On February 10, 2021, the Warden acknowledged receipt of Mr. Trevizo-Granillo's request. (Doc. 77) at 10. More than thirty days later, on April 2, 2021, the Warden denied Mr. Trevizo-Granillo's request for relief. *Id.* As a result of the lapse between the Warden acknowledging receipt on February 10, 2021, and his response denying the request on April 2, 2021, Mr. Trevizo-Granillo's administrative remedies were effectively exhausted. *See* 18 U.S.C. § 3582(c)(1)(A) (explaining exhaustion requirements). Simply stated, the Warden did not respond within the prescribed statutory period after acknowledging receipt of Mr. Trevizo-Granillo's request—thus, exhausting his claim by omission despite later denying the request outside the statutory deadline. *See United States v. Norwood*, 2020 WL 4914652, at *2 (W.D. Okla.) (explaining that "courts … have interpreted the language of the statute to allow consideration of the motion [] if the warden has failed to act within the 30 days of receipt of [petitioner's] request"). Therefore, the Court concludes it is empowered to consider the merits of Mr. Trevizo-Granillo's Motion for compassionate release.

### B. Medical Reasons Supporting Release and Consideration of Section 3553 Factors

Recently, the Tenth Circuit clarified that "[d]istrict courts, in carrying out the first step of § 3582(c)(1)(A)'s statutory test, decide for themselves whether 'extraordinary and compelling reasons' exist in a given case." *Maumau*, 993 F.3d at 833. Writing for the panel, Chief Judge Briscoe explained that "Congress did not … intend for the Sentencing Commission to exclusively define the phrase 'extraordinary and compelling reasons.'" *Id.* at 834. Instead, the Sentencing Commission's guidance, describing the "characteristic[s] or significant qualities or features that typically constitute 'extraordinary and compelling reasons,'" should be viewed by courts as "guideposts to serve as part of the general policy statements to be considered … under the second part of the statutory test…." *Id.*

Here, Mr. Trevizo-Granillo explains that he suffers from obesity, a kidney disorder, and lower-back pain. (Doc. 75) at 2. On April 12, 2021, Mr. Trevizo-Granillo refused the Moderna vaccine administered by prison health officials. (Doc. 77-1) at 497. In his Motion, Mr. Trevizo-Granillo does not explain why he refused the vaccine, or how that decision affects his current claim that his medical conditions pose an increased risk from severe COVID-19 complications. *See* (Doc. 75).

Nevertheless, at this juncture, the Court declines to consider whether Mr. Trevizo-Granillo's medical conditions amount to extraordinary and compelling reasons supporting compassionate release, and how his vaccine refusal weighs in the Court's consideration. Indeed, the Tenth Circuit has endorsed the position that "district courts may deny compassionate-release motions when any of the three perquisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *McGee*, 992 F.3d at 1043 (citing *United States v. Elias*, 984 F.3d 516, 519

(6th Cir. 2021)). Therefore, notwithstanding Mr. Trevizo-Granillo's medical conditions and his decision to forego vaccination, the Court denies Mr. Trevizo-Granillo's Motion under the Section 3553 analysis.

Among other considerations, the Section 3553 factors weigh the nature and circumstances of the offense and the history and characteristics of the petitioner. *See* 18 U.S.C. § 3582(c)(1)(A)(i)-(ii). In addition, the factors consider the need for deterrence, the seriousness of the offense, the protection of the public, and the need to avoid unwarranted sentencing disparities among similar offenders. *Id.* The considerations at this stage reflect those contemplated by the Court at the time of its original imposition of judgment and sentencing. *See id.*

Here, the Court notes the following factors that informed its decision under the Section 3553 analysis. First, Mr. Trevizo-Granillo has served only half of his sentence. (Doc. 75) at 2. Allowing his present release from custody would undermine the gravity of the offense and result in an unfair disparity given the nature of the conduct at issue. As a result, Mr. Trevizo-Granillo's anticipated release date weighs against relief under 18 U.S.C. § 3553(a), requiring that the sentence imposed be commensurate with the crime committed to alleviate sentencing disparities between similar offenders.

This conclusion is especially salient where, as here, the Court accepted Mr. Trevizo-Granillo's stipulation for a 156-month term of imprisonment pursuant to Rule 11(c)(1)(C). (Doc. 57) at 18 (Presentence Investigation Report). Notably, the 156-month sentence imposed is significantly lower than the recommended guideline sentencing range of 188-235 months, for which he was eligible. *Id.* at 22. Thus, given the sentencing guideline provisions at issue—with an offense level of 31 and criminal history category of VI—the Court maintains that a 156-month term of imprisonment is sufficient but not greater than necessary to effectuate the goals of

sentencing, pursuant to Section 3553. *See id.*; *see also* (Doc. 75) at 11 (explaining that aside from his time served in custody, "other § 3553(a) factors remain largely the same since the imposition of the original sentence").

In addition, the Court notes that Mr. Trevizo-Granillo has three prior drug-trafficking convictions and "a longstanding criminal history involving drugs and several encounters with law enforcement dating back to his early 20's." (Doc. 57) at 21. In fact, when Mr. Trevizo-Granillo committed the instant offense, he was still serving a term of supervised release for his prior drug-trafficking conviction. *Id.* Moreover, during the underlying offense conduct, Mr. Trevizo-Granillo had four employees "working and assisting him in his narcotics operations," a role which granted him a two-point upward adjustment as an organizer, leader, manager, or supervisor of narcotics distribution. *Id.* at 8.

Mr. Trevizo-Granillo's criminal history also indicates that he repeatedly attempted to deceive law enforcement or otherwise avoid the consequences for his criminal activity. Particularly, during a recorded telephone call, Mr. Trevizo-Granillo requested that an individual make a witness "disappear" so that she could not testify against him in the underlying proceedings. *Id.* at 6. On a different occasion, after being arrested for possession of marijuana, Mr. Trevizo-Granillo told law enforcement that he came to possess the narcotics after "a burlap sack [fell] off the truck traveling in front of him." *Id.* at 10. While on supervised release for that incident, Mr. Trevizo-Granillo failed six drug tests and was arrested again for possession of more than fifty pounds of marijuana. *Id.* After considering his history, this Court is strained to conclude that Mr. Trevizo-Granillo is a viable candidate for early release with community supervision.

The Section 3553 factors weigh against Mr. Trevizo-Granillo's request for compassionate release. The Court understands that Mr. Trevizo-Granillo is concerned for his health and safety while in custody, and it does not make light of these considerations. However, the length of time remaining on his sentence, his criminal history, and the current offense conduct each weigh against his present request for release from custody.

III. *Conclusion*

Mr. Trevizo-Granillo has appropriately exhausted his administrative remedies by applying for compassionate release with the Warden at FCI Big Spring and waiting the requisite thirty days after the Warden acknowledged receipt. However, the Court concludes, notwithstanding Mr. Trevizo-Granillo's medical condition, application of the Section 3553 factors here, compassionate release is not warranted.

IT IS THEREFORE ORDERED that Mr. Trevizo-Granillo's Motion to Reduce Sentence (Doc. 75) is denied without prejudice.

IT IS ORDERED.

_____
UNITED STATES DISTRICT JUDGE